FARMERS & PLANTERS TOBACCO WAREHOUSE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16450.   Promulgated April 28, 1931.

*Elwood Hamilton, Esq.,* for the petitioner.
*Bruce A. Low, Esq.,* and *L. H. Rushbrook, Esq.,* for the respondent.

OPINION.

ARUNDELL: In view of the conclusion we have reached on the limitations issue, it will be unnecessary to decide whether special assessment should be granted, and for this reason we have refrained from finding any facts on the latter issue.

The income tax returns of petitioner for the fiscal years ended June 30, 1919, and June 30, 1920, were filed on September 13, 1919. and September 15, 1920, respectively. The deficiency notice was mailed on April 3, 1926, which was more than five years after the returns were filed and beyond the statutory period. Respondent relies on instruments signed by W. Holton Key as extending the statutory period. Key, it is shown, had been vice president of petitioner corporation before its dissolution. Upon dissolution, two officers, other than Key, were designated to wind up the corporate affairs. This action was taken pursuant to section 561 of Carroll's Kentucky Statutes, which as far as material here provides that:

\* \* \* when any corporation expires by the terms of the articles of incorporation, or by the voluntary act of its stockholders, it may thereafter continue to act for the purpose of closing up its business, but for no other purpose; and it shall be the duty of the officers to settle up its affairs and business as speedily as possible; \* \* \*

Key was not designated to close up the business of the corporation. According to the testimony, Key was never authorized to act in behalf of the corporation after its dissolution except for the authorization given him and Stickley in December, 1920, to sign monthly

tobacco reports and inventories. The evidence further is that the officers designated to settle petitioner's affairs were never advised by Key that he had executed waivers. In fact, Calvert, one of the liquidators, testified that he had never seen the waivers and had no notice of them until the day he appeared to give his deposition in this proceeding. Hence, it appears that there was no ratification of Key's acts that would bind the petitioner. The burden of proof being on the respondent to establish the validity of waivers upon which he relies, and having failed to establish that Key was authorized to act for petitioner, we must hold that the statute had run against assessment for both 1919 and 1920 prior to April 3, 1926, the date of the deficiency notice. Cf. *Jonathan Godfrey*, 18 B. T. A. 775. The case of *Lucas v. Hunt*, 45 Fed. (2d) 781, cited by respondent, is not in point. There the respondent asserted a transferee liability against one of the liquidators who had executed waivers in behalf of the dissolved taxpayer corporation. The Court held that the liquidator " by signing the waiver estopped *himself* to question its validity, with the result that *he* was bound to respond to the assessment."

> *Decision of no deficiency will be entered for the fiscal years ended June 30, 1919, and June 30, 1920.*